UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Hunters Glen Condominium Association,

    Plaintiff,

v.

    Case No. _____

State Farm Fire and Casualty Company,

    Defendant.

## COMPLAINT

Now comes the Plaintiff, Hunters Glen Condominium Association, by and through its counsel, and for its Complaint states as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Hunters Glen Condominium Association (hereinafter "Plaintiff") is a non-profit common interest community in the State of Ohio responsible for the units and property generally located at 470 W. Broad St., Suite 725, Columbus, OH 43215-2759 (the "Property").

2. Defendant, State Farm Fire and Casualty Company (hereinafter referred to as "Defendant" or "State Farm"), is upon information and belief a foreign insurance company authorized to and conducting business in the State of Ohio, including Montgomery County, Ohio.

3. On or about June 18, 2021 ("the Loss"), a severe weather-related event caused substantial damage to Plaintiff's Property.

4. At all times relevant hereto, Plaintiff maintained a Policy of insurance with Defendant ("the Policy").

5. The Policy provides coverage for, among other things, damage caused by wind and hail.

6. The Policy contains an appraisal provision which provides that in the event of a dispute over the amount of loss, an appraisal panel may resolve that dispute on one party making a written demand to the other.

7. At the time of the Loss, the Policy was in full force and effect.

8. Subsequently, Plaintiff timely submitted an insurance claim and State Farm assigned Claim No. XX-XXXX-79S to the claim. State Farm also assigned an adjuster to adjust the claim.

9. Thereafter, State Farm underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was owed under the Policy.

10. Plaintiff demanded appraisal to resolve the dispute concerning the amount of Loss.

11. Defendant improperly refused to participate in appraisal of the amount of Loss and instead sought to limit the appraisal process.

12. The U.S. district court for the Southern District of Ohio has jurisdiction over this matter pursuant to 28 U.S. Code § 1332 as the parties have diversity of citizenship and the amount in controversy exceeds $75,000.00.

## COUNT ONE: BREACH OF CONTRACT

13. Plaintiff hereby incorporates by reference paragraphs one through twelve as though fully rewritten herein.

14. At all times relevant to this cause, Plaintiff and Defendant were parties to a valid and enforceable contract—the Policy.

15. Defendant has failed and refused to properly adjust the loss and pay insurance proceeds owed to Plaintiff as a result of the damage caused by the June 18, 2021 storm.

16. This constitutes a breach of Defendant's obligations under the Policy.

17. As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has suffered damages in excess of $1,000,000.00 exclusive of attorney's fees, interest, and costs.

## COUNT TWO: CONTRACTUAL BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

18. Plaintiff hereby incorporates by reference paragraphs one through seventeen as though fully rewritten herein.

19. There is implied in every contract a covenant of good faith and fair dealing.

20. Defendant and Plaintiff entered into a valid and existing insurance contract.

21. Defendant breached its duty of good faith and fair dealing by refusing to properly and fully adjust the loss and compensate Plaintiff as required by the terms of the Policy.

22. As a direct and proximate result of Defendant's breach, Plaintiff has sustained, and continues to sustain, damages to its real property in an amount to be proven at trial.

## COUNT THREE: DECLARATORY JUDGMENT

23. Plaintiff hereby incorporates by reference paragraphs one through twenty-two as though fully rewritten herein.

24. Defendant has failed to adjust and pay the Loss in total, in contravention of the express language of the subject Policy.

25. There is a real justiciable controversy between the Plaintiff and the Defendant regarding the scope of the appraisal process to resolve the disputed amount of Loss.

26. The provisions of the subject Policy must be construed against Defendant.

27. Plaintiff is entitled to judicial declaration that the appraisal panel's role is to resolve the entire disputed amount of Loss, reserving all questions of coverage to the Court.

28. Pursuant to the Policy, the appraisal, as provided for by the Policy, is the appropriate venue to resolve the dispute over the amount of the Loss while coverage questions involving policy and legal interpretation are reserved for the Court.

**WHEREFORE**, pursuant to the General Allegations and Counts I, II, and III of the Complaint, Plaintiff Hunters Glen Condominium Association prays for an Order requiring the parties to resolve the disputed amount of Loss at appraisal and to stay litigation until after said appraisal issues its award.  Additionally, Plaintiff prays for judgment against

Defendant State Farm Fire and Casualty Company in an amount yet to be determined, but in excess of $1,000,000.00, plus costs expended herein, prejudgment and post judgment interest as well as all other just and appropriate relief to which they may be entitled at law and/or in equity.

Respectfully submitted,

Date: December 7, 2022

*/s/ Anthony A. Remick*
SMITH JADIN JOHNSON, PLLC
Anthony A. Remick
Ohio Bar No.: 100812
Timothy D. Johnson
Ohio Bar No. 98515
7900 Xerxes Avenue, Suite 2020
Bloomington, MN 55431
Telephone: (952) 388-0289
Facsimile: (612) 235-7927
aremick@sjjlawfirm.com
tjohnson@sjjlawfirm.com
**ATTORNEYS FOR PLAINTIFF**